Curia, per O’Neall, J.
The bond in this case was intended to be given under the 9th section of the Act of 1784, *284 which, after reciting the inconvenience of complying with the settled practice in Chancery of requiring, before an in'junction was issued to stay an execution, a deposit of the sum for which verdict or judgment was obtained,, provided, that lieu thereof the party applying for the injunction might give to “ the plaintiff at law his bond with security to he ap-by the Master, for such sum conditioned, as the Court shall direct.” This bond was given to the Master, instead of being appioved by him and given to the plaintiff.
The first ground of appeal supposes the bond to he void. There is, however, no provision' declaring a bond taken in any other form than that prescribed by the statute, to be void. Nor does it appear that, the bond, as taken, subjected the party executing it to any disadvantage. It was given to obiain the injunction, which the party desired, and the condition is to insure the payment of the verdict or judgment to stay the collection of which the injunction was sought. There is, then, nothing unlawful in the bond — nor does it deprive the defendants of any right which they would have had, if the bond had been given in the precise terms of the Act. The Master granted the injunction, and took the bond, — he, therefore, took it according to the condition which he, as th ’ Court granting the injunction, directed ; and he approved the securities (or rather sureties) by accepting them. This bond is, ^le,e^ole’ substantially a compliance with the statute, and those in Kilgore v. Rabb, and Stevens ads. Treasurers, must be adjudged good. The second giound is coveied by the first, and is disposed of by what has been already said.— The 3d ground is the only one which has made any difficulty. The bond was assigned by the order of the Court of Equity, and a suit at law permitted to be brought upon it by the plaintiffs, for the collection of the balance of their debt uncollected from the defendant, Galiiott. The question is, can the action brought under these circumstances, be sustained 1 The Act of 1798, construed by its pieamble, will only extend to bonds, notes or bills for the payment of money not payable to order, or not negotiable. The words of its enacting clause are, however, broad enough to cover any bond. It provides “that the assignee or assignees of a bond, note or bill, may, and he, she or they may, and they are hereby authorized and empowered to bring an action of debt, or any other legal action, for the recovery of the same, in his, her or their own name or names, (styling himself, herself or themselves, the assignee or assignees of the obligee or obli-gees in said bond, or of the payee or payees of the said note or bill,”) &c.
The case of Cobb v. Williams very properly held, that a guardianship bond was not assignable under the Act of ’93. For that could in no sense be regarded as a money security *285 between parties, the obligor and obligee. It was a public security for the. benefit of persons whose rights had to be as-certaitied by an accounting before and the judgment of other Court than that in which the suit was bionght, and which in general had no reference to the bond, and ' which made no order, for the assignment. Here the bond is a security given in the place of money. ' It is given to secure the payment of the debt of the plaintiffs at law, which is doubly ascertained by the judgment at law, and by the decree of the Court of Equity. The sum due is, therefore, just as well ascertained as if the bond had stipulated to pay, upon the determination of the . case in Equity, a specific sum to the plaintiffs at-law. It falls, therefore, within the maxim, “ id certurn est quid certwm reddi potest,” and we might, with great propriety, call this a money bond, and say it was both wiihin the letter and spirit of the Act.
The case of Hale, assignee, v. Schultz et al. may be very well regarded as an authority almost, if not quite, reaching this case. There the bond was given to the sheriff for the purchase of negroes sold under attachment and assigned by the sheriff to the plainiiff. In that case Judge Colcock said, speaking of the objections urged against the suit brought by the assignee, “ In the first place it does not appear that it was given in any official transaction. The words sheriff, &c. may be a mere description of the person. But if it were so given, there is nothing in the law, nor can I perceive any thing in the reason which has been assigned, to prevent the assignment of such a bond as well as any other?1 To this case these words of the last sentence cited, may very well apply. This bond, being the substitute of money, and taken to secure the payment of money, and not for the performance of covenants, may very well, although taken officially, be assigned. The form of the contract authorizes the assignment; and the officer to whom it was made'payable, was authorized to assign it, as he did, by the Court whose mandate he was bound to obey. I am, therefore, well satisfied, in every respect, to sustain the plaintiffs’s action. The decision of the grounds lor non-suit, covers also-those táken for a new tiial.
The motion for a non-suit or new trial is, therefore, dismissed. “
Richardson, Evans, Frost and Withers, JJ. concurred.

Motion refused.